Matter of U.S. Bank N.A. v XXX (2022 NY Slip Op 00835)





Matter of U.S. Bank N.A. v XXX


2022 NY Slip Op 00835


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 650630/21 Appeal No. 15262 Case No. 2021-02435 

[*1]In the Matter of U.S. Bank National Association, etc., Petitioner,
v
XXX, Defendant.
Pacific Investment Management Company LLC, Nonparty-Appellant,
v
Serengeti Asset Management LP, Nonparty-Respondent.


Norton Rose Fulbright US LLP, New York (Sandeep Savla of counsel), for appellant.
Kasowitz Benson Torres LLP, New York (Michael A. Hanin of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered July 1, 2021, which determined that the proceeds from the sale of certain collateral debt securities shall be distributed on quarterly, rather than monthly, distribution dates, unanimously affirmed, with costs.
In this CPLR article 77 proceeding, petitioner U.S. Bank National Association, the trustee of numerous collateralized debt obligation (CDO) trusts, seeks a judicial determination regarding the timing for distributing proceeds from the sale of securities of three CDOs. Nonparty senior noteholder Pacific Investment Management Company LLC (PIMCO) argues that according to the governing indenture, distribution should be made on a monthly date — a method that would involve a priority of payment benefiting PIMCO. For its part, nonparty noteholder Serengeti Asset Management LP, which holds notes junior to PIMCO's, argues that according to the indenture, distribution should be made on a quarterly date — a method that would permit the junior noteholders, including Serengeti, some recovery under a priority of payment for that distribution date.
Section 12.1(a)(v) of the indenture provides, in relevant part, "All Sale Proceeds of any Collateral Debt Securities sold by the Issuer in accordance with this Section 12.1 . . . will be deposited in the Interest Collection Account or the Principal Collection Account, . . . and applied on the Quarterly Distribution Date immediately succeeding the end of the Due Period . . . in accordance with the Priority of Payments." This language expressly and unambiguously provides that the sale proceeds should be distributed on a quarterly distribution date, and unambiguous contract language must be enforced according to its terms (see W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162 [1990]). Furthermore, section 10.2(g) of the indenture does not alter the section 12.1(a)(v) requirement for distribution on the quarterly distribution date, but merely directs the trustee to move money from the collection account to the payment account before each monthly distribution date.
We have considered PIMCO's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022